IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>AUTO GLASS EXPERTS, INC.,<br><br>    Defendant.<br>                                       / | No. C 06-04006 WHA<br><br>**ORDER GRANTING DEFAULT JUDGMENT AND INJUNCTION** |

**INTRODUCTION**

Plaintiff American Automobile Association ("AAA") moves for default judgment against defendant Auto Glass Experts, Inc. Auto Glass Experts has never appeared in this action, nor did they ever respond to AAA's complaint. Review of the *Eitel* factors favors entry of default judgment. Accordingly, Plaintiff's motion is **GRANTED**.

**STATEMENT**

Plaintiff AAA is a not-for-profit, non-stock corporation that provides its members with automobile repair and emergency services and rating and certification of automobile repair services (Complaint ¶ 6). AAA owns more than 100 marks which have been registered with the United States Patent and Trademark Office (Complaint ¶ 12). AAA uses its trademarks to identify itself and its services. It uses its service marks and certification marks to identify its services of rating and certifying automobile repair shops and emergency road services (Complaint ¶ 12). Goods and services that bear AAA's certification marks are approved of,

1 endorsed by, or affiliated with AAA (Complaint ¶ 15). AAA's marks are distinctive, widely
2 recognized by the public, and carry with them the good will associated with AAA's services
3 (Complaint ¶¶ 14–16).

4 Defendant Auto Glass Experts has been using the trade name "AAA Auto Glass" on its
5 signs and business materials and in advertisements for its own auto repair services in
6 publications and on the Internet (Complaint ¶¶ 18–19). AAA sent a series of letters dated
7 January 18, February 28, and March 29, 2006 to Auto Glass Experts asking it to cease and
8 desist use of AAA's marks (Complaint ¶ 23). Defendant never responded to any of the letters.

9 AAA filed the instant suit on June 28, 2006 alleging federal and California state
10 trademark infringement, federal and California state unfair competition, and federal and
11 California state trademark dilution. The summons and complaint was hand delivered to Auto
12 Glass Expert's president and agent for service of process, Kerry Connolly, on June 30, 2006
13 (Olson Decl. ¶ 3; Olson Ex. A). Auto Glass Experts never served AAA with a responsive
14 pleading. AAA sent a letter to the defendant on July 24, 2006, asking for a response and
15 granting them an additional ten days in which to respond. (Olson Decl. ¶ 5). AAA never
16 received a response to that letter, nor did the letter prompt Auto Glass to file a responsive
17 pleading. As a result, AAA filed a request for entry of default against Auto Glass Experts, and
18 the request was entered on August 9, 2006 (Olson Decl. ¶ 6–7). AAA now moves for a default
19 judgment seeking an injunction against Auto Glass Experts' use of AAA's marks.

**ANALYSIS**

21 Under Federal Rule of Civil Procedure 55(b)(2), a party can apply to the court for entry
22 of judgment by default. "The district court's decision whether to enter a default judgment is a
23 discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The court
24 considers the following factors:

25 (1) the possibility of prejudice to the plaintiff, (2) the merits of the
plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the
26 sum of money at stake in the action, (5) the possibility of a dispute
concerning the material facts, (6) whether the default judgment was due to
27 excusable neglect, and (7) the strong policy underlying the Federal Rules of
Civil Procedure favoring decisions on the merits.

28

2

*Eitel v. McCool*, 782 F.2d 1470, 1471–2 (9th Cir. 1986). These factors favor entry of default judgment in this case for the following reasons.

**1.   MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.**

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiff's substantive claims and sufficiency of the complaint are thus considered together.

**A.   Trademark Infringement Under *15 U.S.C. 1114.***

AAA's first claim alleged that Auto Glass Experts committed trademark infringement under 15 U.S.C. 1114. To prove trademark infringement under 15 U.S.C. 1114, plaintiff must show (1) that its marks are valid and protectable trademarks; (2) that plaintiff owns the trademarks; (3) that plaintiff used its marks in interstate commerce; (4) that defendant used in commerce a reproduction or copy of a registered trademark in connection with the advertising or sale of goods or services; and (5) that such use is likely to cause confusion, mistake, or deceive consumers.

*First*, AAA has alleged that it marks are valid and protectable trademarks that were registered with the United States Patent and Trademark Office. *Second*, AAA has alleged that it owns the trademarks. *Third*, the complaint alleges that AAA has used its marks in interstate commerce. *Fourth*, AAA alleged that Auto Glass Experts has used the trade name "AAA Auto Glass" and has displayed AAA's marks on its website and advertisements. *Finally*, AAA has alleged that Auto Glass Expert's use of the AAA marks is likely to cause confusion as to the origin of services provided, and that consumers could mistakenly believe that AAA endorses or approves of the services provided by Auto Glass Experts. Thus, AAA has adequately stated a plausible claim for trademark infringement.

**B.   Unfair Competition Under 15 U.S.C. 1125(a).**

In its second claim, AAA alleged unfair competition under 15 U.S.C. 1125(a). Plaintiff must show that defendant used in commerce

> any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or

3

> false or misleading representation of fact, which is likely to cause
> confusion, or to cause mistake, or to deceive as to the affiliation,
> connection, or association of such person with another person, or as to
> the origin, sponsorship, or approval of his goods by such person.

15 U.S.C. 1125(a)(1). The analysis for unfair competition under 15 U.S.C. 1125(a) is highly similar to the analysis for a claim for trademark infringement under 15 U.S.C. 1114. *Brookfield Commc'ns., Inc., v. West Coast Entm't Corp.*, 174 F.3d 1046–47 (9th Cir. 1999). Here, AAA alleged that Auto Glass Experts used its marks in such a way that consumers would be likely to believe that Auto Glass Experts' services are endorsed by AAA, when in fact they are not. AAA has adequately pleaded its unfair competition claim under 15 U.S.C. 1125(a).

### C. Trademark Dilution Under *15 U.S.C. 1125 (c)*.

AAA alleged federal trademark dilution in its third claim. To state a claim under 15 U.S.C. 1125(c), the plaintiff must show that "(1) its mark is famous; (2) the defendant is making commercial use of the mark; (3) the defendant's use of the mark began after the plaintiff's mark became famous; and (4) the defendant's use creates a likelihood of dilution of the distinctive value of the mark." *Avery-Dennison Corp. v. Sumpton*, 189 F.3d 868, 874 (9th Cir. 1999). *First*, AAA alleged in its complaint that its marks are famous. *Second*, AAA alleged that Auto Glass Experts used AAA's marks in its trade name and advertising materials, including on the Internet and in publications. *Third*, AAA alleged that it its marks were famous since before defendant began using the marks. *Fourth*, AAA alleged that Auto Glass Experts' use of the its creates a likelihood of the dilution of the marks' distinctive value. AAA has adequately alleged its claim of trademark dilution under 15 U.S.C. 1125(c).

### D. Trademark Infringement Under California Common Law.

In its fourth claim, AAA alleged that Auto Glass Experts committed trademark infringement under California common law. Likelihood of confusion is the basic test for common law trademark infringement, and the same standard for likelihood of confusion is used for both common law trademark infringement and federal trademark infringement under 15 U.S.C. 1114. *See Thane Int'l., Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901 n.3 (9th Cir. 2002). Because AAA has sufficiently pleaded its claim for federal trademark infringement, it has also adequately pleaded its claim for common law trademark infringement.

### E.  **Trademark Dilution Under** *Section 14330*.

In its fifth claim, AAA alleged trademark dilution under California Business and Professions Code Section 14330. Trademark dilution under California law is "substantially similar" to the federal trademark dilution under 15 U.S.C. 1125 (c). *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 873 (9th Cir. 1999). Additionally, Section 14330 has been construed consistently with the federal trademark dilution statute. *Nissan Motor Co. v. Nissan Computer Co.*, 378 F.3d 1002, 1015 (9th Cir. 2004). As mentioned above, AAA has alleged all the necessary elements of a claim for trademark dilution under 15 U.S.C. 1125(c). AAA has adequately pleaded its claim for trademark dilution under Section 14330.

### F.  **Unfair Competition Under** *Sections 17200* **and** *17500*.

AAA's sixth and final claim alleged unfair competition under California state law. The Ninth Circuit has "consistently held" that unfair competition claims under Section 17200 of the California Business and Professions Code are "substantially congruent" to federal unfair competition claims under 15 U.S.C. 1125(c). *Cleary v. News Corp.*, 30 F.3d 1255, 1262–1263 (9th Cir. 1994). As stated above, AAA has sufficiently pleaded a federal unfair competition claims, thus it follows that AAA has also sufficiently pleaded an unfair competition claim under Section 17200.

AAA's final claim also alleged a violation of California Business and Professions Code Section 17500. To state a claim under Section 17500, the plaintiff must show that members of the public are likely to be deceived by the defendant's statements. *Arizona Cartridge Remanufacturers Ass'n., Inc. v. Lexmark Int'l. Inc* ., 421 F.3d 981, 985 (9th Cir. 2005). Here, AAA has alleged that Auto Glass Experts has disseminated false statements to the public through its use of AAA's marks because that use indicates AAA's endorsement or approval of its services. AAA has given no such endorsement or approval, and so Auto Glass Experts' statements are likely to cause confusion to the public. Thus, AAA has stated a claim for false advertising under Section 17500.

5

### 2. THE REMAINING *EITEL* FACTORS.

This order finds that the remaining *Eitel* factors favor entry of default judgment against Auto Glass Experts. Denying AAA's application for default judgment would likely cause it prejudice because AAA would be left without a remedy. AAA prevails on the fourth *Eitel* factor as well; AAA has agreed to forego monetary relief provided it is granted an injunction against Auto Glass Experts. As to the fifth *Eitel* factor, it is difficult to say whether there is a possibility of a dispute concerning material facts. Autoglass Experts has neither answered AAA's complaint, nor have they yet appeared in this action. For the sixth *Eitel* factor, it is unlikely that default was due to excusable neglect. Before filing its complaint, AAA sent three letters to Auto Glass Experts ordering it to stop using the AAA marks. AAA properly served its complaint on the defendant's president Kerry Connolly. After receiving no responsive pleading, AAA sent Auto Glass Experts a letter as a reminder giving them an additional 10 days to respond. Subsequently, the Clerk of Court entered default against the defendant on August 9, 2006. As to the final *Eitel* factor, the policy of the Federal Rules favors decisions on the merits, however, FRCP 55(b) does permit entry of a default judgment where, as here, the defendant refuses to litigate. The Court concludes that balance of the *Eitel* factors weighs in favor of default judgment.

### 3. DETERMINATION OF DAMAGES AND INJUNCTIVE RELIEF.

In making this motion, this plaintiff has agreed to forego monetary damages if a permanent injunction issues. In its complaint, the plaintiff asked for an injunction forbidding Auto Glass Experts from using AAA's marks, and requiring defendants to destroy or remove all literature, advertising, and electronic materials. A plaintiff may receive injunctive relief under both 15 U.S.C. 1118 and Section 17500 of the California Business and Professions Code. "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

As of the time that AAA filed its complaint, the defendant was still using AAA's marks in its trade name and advertising materials. In doing so, defendant was misrepresenting that its

6

services were endorsed by or affiliated with AAA, making it likely that customers would be confused. This order, therefore, enjoins defendant from using AAA's trademarks, service marks, and certification marks in any way.

AAA also asks that Auto Glass Experts be required to file and serve on AAA, within thirty days of entry of the judgment, a report in writing and under oath detailing the manner in which defendant has complied with the injunction. This requirement is permitted by 15 U.S.C. 1116, therefore defendant will be required to file such a report.

For the Court's contempt power to apply to this injunction, the defendant "must receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). Plaintiff is instructed to provide proper service of this order, by personal service to the extent possible, no later than **NOVEMBER 22, 2006**. Plaintiff shall file a copy of the proof of service.

## CONCLUSION

For good cause shown, this order **GRANTS** plaintiff's motion for default judgment. Defendant Auto Glass Experts shall comply with the following:

(1) defendant, its agents, servants, employees, attorneys, and any and all persons in active concert or participation with it shall immediately and permanently to cease and desist from all use of the AAA marks, or of any combination or the letter "A," in any form or manner tha resembles, suggests, or intimates that defendant is approved or endorsed by, or otherwise affiliated with, AAA;

(2) defendant, pursuant to 15 U.S.C. 1118, shall destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in its possession or control that contain the AAA marks or any term, symbol, or logo confusingly to those marks; and to destroy and all means in its possession or control of making any of those infringing items;

(3) defendant shall have deleted or removed from publication any advertisements paid for or used by it containing any of the AAA marks and any other name, mark, or logo confusingly similar to them;

7

(4) defendant shall permanently delete and destroy all electronic content, including all websites, domain names, and other electronic materials displaying the AAA marks and any other name, mark or logo confusingly similar to them;

(5) defendant shall file with the Court and serve on AAA, within thirty days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which defendant has complied with the Court's injunction and orders.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated:  November 16, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE